STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.K. Jr.,**

**No. 20-0774** (Grant County 19-JA-43)

**MEMORANDUM DECISION**

Petitioner Father B.K., by counsel J. Brent Easton, appeals the Circuit Court of Grant County's July 15, 2020, order terminating his parental rights to B.K. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Marla Zelene Harman, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights because it denied him the right to testify at disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in denying petitioner the right to testify at the dispositional hearing. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate, in part, and remand the matter for further proceedings consistent with this decision.

Given that the resolution of this matter turns on purely legal issues, it is unnecessary to set forth a detailed factual and procedural history of the matter below. It is sufficient to note that the DHHR filed an abuse and neglect petition in November of 2019 alleging that petitioner and his wife abused drugs; failed to provide the children[2] with a safe home, given its general

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The proceedings below concerned additional children who are not at issue on appeal.

1

condition; and failed to provide the children with proper supervision.[3] After several continued hearings, the circuit court held an adjudicatory hearing in June of 2020 and adjudicated petitioner as abusive and neglectful upon findings that he failed to provide a safe and hygienic home for the children, physically abused the children, and perpetrated domestic violence in the children's presence, among other findings.

In July of 2020, the court held a dispositional hearing. At the outset of the hearing, the court asked counsel for the parties for their recommendations for disposition. A Child Protective Services worker informed the court that the DHHR sought termination of petitioner's parental rights. Counsel for petitioner and the mother then each advocated for improvement periods. During the guardian's proffer, counsel for petitioner asked, "Shouldn't we put testimony on now?" The court responded, "No, we're not required to." Shortly thereafter, without having taken any evidence, the court concluded by saying, "I agree with the guardian ad litem. Rights are terminated. . . . This hearing is closed." At that point, the mother's counsel advised the court as follows: "Judge, my client does want to address the [c]ourt." The court succinctly ruled that the request was denied. The circuit court's termination of petitioner's parental rights to B.K. Jr. was memorialized in its July 15, 2020, dispositional order, from which petitioner now appeals.[4]

On appeal, petitioner argues that he was denied his right to be heard at the dispositional hearing when the circuit court refused him the opportunity to testify. We agree. As this Court has held,

> "West Virginia Code, Chapter 49, Article [4], Section [601 (2015)], as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

Syl. Pt. 3, *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019).[5] In short, we find that the circuit court's statement that it was not required to allow testimony at disposition and its refusal to permit another parent respondent to testify or address the court were in direct contradiction of the requirements of West Virginia Code § 49-4-601 and this Court's interpretations thereof. Indeed, as this Court has explained, "[b]oth our statutory and case law unequivocally require that parents . . . be afforded a meaningful opportunity to be heard. This necessarily includes the right to

---

[3]Later, the DHHR filed an amended petition including allegations of domestic violence and excessive corporal punishment, among other allegations.

[4]The child's mother is deceased.

[5]While this holding specifically references a prior version of West Virginia Code § 49-4-601, the current version, enacted in May of 2019, retains language requiring that parents be provided a "meaningful opportunity to be heard, including the opportunity to testify."

testify and to present witnesses, as well as to cross-examine witnesses in any abuse and neglect proceeding." *T.S.*, 241 W. Va. at 564, 827 S.E.2d at 34. Further, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). As such, the circuit court's order must be vacated, in part, and the matter remanded for the holding of a new dispositional hearing, during which petitioner must be afforded the right to be heard. This includes the right to testify and present witnesses, in addition to the right to cross-examine any other witnesses presented. W. Va. Code § 49-4-601(h).

For the foregoing reasons, we vacate, in part,[6] the circuit court's July 15, 2020, order terminating petitioner's parental rights and remand this matter for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. Further, the circuit court is hereby ordered to hold a new dispositional hearing and issue a final order in this case within sixty days of issuance of this decision. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated, in part, and remanded with direction.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[6]The order on appeal also contained rulings regarding petitioner's wife and the termination of her parental rights to several children not at issue in this appeal. We previously vacated this same order, in part, in regard to petitioner's wife and remanded the matter with direction in her related appeal. *In re H.T., J.T.-1, J.T.-2, E.T., and D.T.*, No. 20-0598, 2020 WL 7260696 (W. Va. Dec. 10, 2020)(memorandum decision).